**J. Randolph Pickett,** OSB No. 721974
randy@pdm.legal
**R. Brendan Dummigan,** OSB No. 932588
brendan@pdm.legal
**Kimberly O. Weingart,** OSB No. 091407
kimy@pdm.legal
**Shangar S. Meman**, OSB No. 171205
shangar@pdm.legal
**PICKETT DUMMIGAN MCCALL LLP**
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
Telephone: (503) 226-3628
Facsimile:  (503) 227-2530

of Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **DANIEL LEE WHITE,** | No. |
| Plaintiff, | **COMPLAINT** |
| v. | Personal Injuries – Negligence |
| **UNITED STATES DEPARTMENT OF AGRICULTURE (FOREST SERVICE),** | |
| Defendant. | |

Plaintiff alleges:

### I.

### NATURE AND PURPOSE OF THE ACTION

The United States Department of Agriculture operates the Forest Service ("U.S. FOREST SERVICE"), and has waived sovereign immunity pursuant to the provisions of the Federal Tort Claims Act ("FTCA"), 28 USC §2671, *et. seq.*  The U.S. Forest Service owned and operated a recreational area known as the Mt. Hood National Forest, which was open to the public for various activities, including the use of All Terrain Vehicles ("ATVs").

Mt. Hood National Forest required the purchase of a license to operate ATVs and other Off-Highway Vehicles ("OHVs") on federal land.  The permit is in the form of a sticker that is placed on the ATV.

## II.

## JURISDICTION AND VENUE

This court has original jurisdiction over the action against the U.S. Forest Service pursuant to 28 U.S.C. §1346. Venue is appropriate in the United States District Court for the District of Oregon, Portland Division, because the location of the events that formed the basis of this cause of action was in the county of Clackamas, state of Oregon, and Clackamas County is aligned with the Portland Division pursuant to LR 3-2.

## III.

## PARTIES

Plaintiff, DANIEL LEE WHITE, resides in the city of Oregon City, state of Oregon.

Defendant U.S. Forest Service is responsible for the duty to warn or guard against foreseeable hazards to the general public resulting from its decision to open up the Mt. Hood National Forest for recreational use, for which it charges a fee.

## IV.

## BACKGROUND FACTS

Defendant U.S. Forest Service opened the Mt. Hood National Forest in Clackamas County in the state of Oregon to encourage recreational use of U.S. Forest Service land by the general public, and provided many miles of ATV and OHV trails. Those persons using the ATV/OHV trails at the Mr. Hood National Forest were required to obtain a license that was accompanied by the payment of a fee, and that a sticker be placed on the ATV/OHV.

V.

**FACTS PARTICULAR TO PLAINTIFF'S CLAIM**

On or about August 16, 2014, Daniel Lee White was riding his four wheel ATV with his brother-in-law, Bret Davis, on a marked road in the Mt. Hood National Forest, near Forest Service Road 4610. There are many ATV/OHV trails intersecting with and adjacent to Road 4610. Plaintiff was injured when he drove his ATV from Road 4610 to an ATV/OHV trail that intersected with the road. The trail was well used, and looked to be in good repair from plaintiff's vantage point on Road 4610, but the rise of the trail from the road hid a large ditch. As plaintiff was going over the rise of the trail, it suddenly dropped into a ditch that was reminiscent of a "tank trap." Mr. White and his ATV pitched forward and impacted the far side of the depression causing injuries as hereinafter set forth.

Plaintiff Daniel Lee White purchased a license to operate the ATV on federal land, as required by law. The permit was in the form of a sticker that was placed on the ATV. Plaintiff purchased the pass from Apex Motor Sports in Oregon City, Oregon.

Plaintiff gave formal notice of his claim against defendant U.S. Forest Service on or about August 12, 2016. Defendant U.S. Forest Service never denied plaintiff's claim, and never issued a "final denial." Because defendant U.S. Forest Service failed to act on plaintiff's administrative claim within six (6) months, plaintiff now chooses to deem the claim denied, resulting in a "deemed denial" pursuant to the provisions of 28 USC § 2675(a).

VI.

**CAUSE OF ACTION**

Plaintiff re-alleges paragraphs IV and V with respect to this cause of action.

Defendant U.S. Forest Service, through its employees, was negligent in one or more of the following respects:

      a.      In failing to place a warning sign on the trail in the location of the area where plaintiff was injured, indicating that the area was hazardous, and that ATV/OHV users should stay away from that particular part of the trail, when it knew, or in the exercise of reasonable care, should have known, of the danger presented to ATV/OHV users in the vicinity of the ditch;

      b.      In failing to place a warning sign at the trail head of the trail on which plaintiff was injured at the intersection with Road 4610, about the danger of straying off of Road 4610, and going down the adjacent trail where the ditch was located, because of the fact that there was a large depression in the form of a "tank trap," when it knew, or in the exercise of reasonable care, should have known, of the danger presented to ATV/OHV owners and operators riding in the vicinity of the ditch;

      c.      In failing to place a railing or other type of guard at the trail head of the trail on which plaintiff was injured, at the intersection with Road 4610, in order to prevent ATV/OHV users from straying off of Road 4610, and going down the trail where the "tank trap" was located;

      d.      In failing to adequately inspect the trail on which plaintiff was injured, which adequate inspection would have indicated the presence of a ditch in the form of a "tank trap," that presented a foreseeable and unreasonable risk of harm to ATV/OHV owners and operators travelling on the ATV/OHV trail where the depression was located.

## VII.

### INJURIES SUFFERED BY PLAINTIFF

As a result of the aforementioned negligence of defendant, plaintiff suffered the following injuries:

1. Left-sided pneumothorax;
2. Left-sided hemothorax;

3. Left lung contusion with lung lacerations in the periphery of the upper lobe;

4. Focal irregularity of the descending thoracic aorta;

5. Fracture of the posterior aspect of the left first rib;

6. Nondisplaced fractures of the lateral aspects of the left fourth through sixth ribs;

7. Displaced fractures of the lateral aspects of the left seventh and eighth ribs;

8. Fractures of the posterior aspects of the left ninth through eleventh ribs;

9. Fractures of the posteromedial aspects of the left sixth through twelfth ribs;

10. Comminuted fracture of the left scapula body;

11. Left thoracic subcutaneous soft tissue pneumatization;

12. Traumatic brain injury;

13. Subsegmental pulmonary embolism;

14. Acute blood loss anemia.

## VIII.

### RELIEF REQUESTED BY PLAINTIFF

Plaintiff realleges paragraphs IV through VII, inclusive, with regard to all requests for relief. Plaintiff is entitled to recover and hereby requests the award of the following damages within the jurisdictional limits of this court for his injuries:

a.   physical and mental pain and suffering in the past and in the future;

b.   reasonable past and future medical expenses;

c.   past and future wage loss and loss of earning capacity;

d.   past and future mental anguish;

e.   past and future physical disability; and

f.   past and future physical disfigurement.

## IX.

## PRAYER

WHEREFORE, plaintiff requests the following relief:

1. Compensatory damages in amounts to be determined at trial in accordance with the allegations and claims set forth above; and

2. For such other and further relief as the court deems just and equitable.

DATED this 28th day of December, 2020.

                                                         **s/ J. Randolph Pickett**
J. Randolph Pickett, OSB #721974
R. Brendan Dummigan, OSB #932588
Kimberly O. Weingart, OSB #091407
Shangar S. Meman, OSB #171205
PICKETT DUMMIGAN MCCALL LLP

of Attorneys for Plaintiff