IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**DANIEL LEE WHITE**,

        Plaintiff,                                             No. 3:20-cv-02259-MO

v.                                                         OPINION AND ORDER

**UNITED STATES OF AMERICA**

        Defendant.

**MOSMAN, J.**,

        This matter comes before me on Defendant's Motion to Dismiss [ECF 8]. For the reasons below, I GRANT Defendant's Motion and DISMISS the case with prejudice.

## BACKGROUND

        In August 2014, Plaintiff Daniel Lee White operated an All-Terrain Vehicle ("ATV") in Mt. Hood National Forest. First Am. Compl. [ECF 7] ¶ 7. To operate an ATV on trails in Mt. Hood National Forest, a license must be purchased from the State of Oregon. *Id.* ¶ 6. Oregon uses funds from these licenses to provide grants that support ATV use on publicly and privately held land, which includes granting funds to the United States Forest Service. Pl.'s Resp. [ECF 9] Ex. 4, at 6, 8–9; *id.* Ex. 5; *id.* Ex. 6; *id.* Ex. 7. Oregon created and operates the ATV program. *Id.* Ex. 4, at 6. The parties agree that the U.S. Forest Service itself does not collect ATV license fees.

        Mr. White purchased his ATV license through Apex Motor Sports in Oregon City, Oregon. First Am. Compl. [ECF 7] ¶ 8. While driving in Mt. Hood National Forest, Mr. White's ATV dropped into a hidden ditch, causing him several injuries. *Id.* ¶ 7. Mr. White brings a

1 – OPINION AND ORDER

negligence claim against the United States Forest Service for failure to warn or guard against foreseeable hazards on the ATV trail. *Id.* ¶¶ 5, 11.

The United States moves to dismiss with prejudice all of Mr. White's claims. It argues that Mr. White failed to state a claim upon which relief may be granted because the claim is barred by Oregon's recreational immunity statute. Def.'s Mot. Dismiss [ECF 8] at 1, 5.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Additionally, "the assertion of an affirmative defense may be considered properly on a motion to dismiss where the 'allegations in the complaint suffice to establish' the defense." *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

## DISCUSSION

I. **Federal Tort Claims Act**

The Federal Tort Claims Act "waives the sovereign immunity of the United States for claims based on the negligent or wrongful acts of United States employees." *Yanez v. United States*, 63 F.3d 870, 872 (9th Cir. 1995); 28 U.S.C. § 1346. The United States is liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Because Mr. White's accident occurred in Oregon, this action is governed by Oregon law. 28 U.S.C. § 1346(b); *Yanez*, 63 F.3d at 872.

## II.    Recreational Immunity

Under Or. Rev. Stat. § 105.682, "an owner of land is not liable in contract or tort for any personal injury, death or property damage that arises out of the use of the land for recreational purposes . . . when the owner of land either directly or indirectly permits any person to use the land for recreational purposes." However, this immunity does not apply "if the owner makes any charge for permission to use the land for recreational purposes." Or. Rev. Stat. § 105.688(3).

Mr. White asserts that the ATV license fee paid to the State of Oregon is a charge and therefore recreational immunity does not shield the United States from negligence liability. Pl.'s Resp. [ECF 9] at 7. Mt. Hood National Forest is open to the public for ATV use, thus the U.S. Forest Service permits use of the land for recreational purposes. First Am. Compl. [ECF 7] ¶ 1. Because the U.S. Forest Service receives grant funding from Oregon ATV license fees, Mr. White argues the United States collected a charge and thus recreational immunity is waived. Pl.'s Resp. [ECF 9] at 6–8.

The United States contends that the State of Oregon made the charge for the ATV license fees, not the United States as owner of Mt. Hood National Forest. Def.'s Reply [ECF 10] at 3. Additionally, the United States asserts that the funding the U.S. Forest Service received from Oregon ATV licenses does not qualify as a charge under Oregon's recreational immunity statute because it is not a fee requested in return for permission to go on or use the land. *Id.* at 3–4. Thus, the United States argues that recreational immunity applies and the complaint should be dismissed with prejudice. *Id.* at 5.

"Charge" is defined in Or. Rev. Stat § 105.672(1) as "the admission price or fee requested or expected by an owner in return for granting permission for a person to enter or go upon the owner's land." Or. Rev. Stat. § 105.672(1)(b) also states that a charge "[d]oes not mean

3 – OPINION AND ORDER

any amount received from a public body in return for granting permission for the public to enter or go upon the owner's land." The Supreme Court of Oregon further clarified that the word charge "encompasses both fees to enter land and fees to use land as long as that use entails moving over or on the land for a recreational purpose." *Coleman v. Oregon Parks and Recreation Dep't ex rel. State*, 217 P.3d 651, 655–56 (Or. 2009) (finding that a state park camping fee constituted a charge that barred recreational immunity for the camper's bike injury in the same park).

In a case with very similar facts to this one, this court said that if a fee is not asked by the *owner*, it is not a charge. *Ellwood v. United States*, Civ. No. 07–6225–TC, 2009 WL 3125480, at *3 (D. Or. Sept. 25, 2009). The court found that recreational immunity barred the plaintiff's negligence claim against the United States because the ATV permit fees were paid to the State of Oregon. *Id.* Thus, the United States did not charge for permission to enter or go upon the land. *Id.*

I find that the ATV license fee that Mr. White paid to the State of Oregon is not a charge. The United States, as owner of Mt. Hood National Forest, did not request or expect a charge in return for granting permission to enter or use the land. Rather, as in *Ellwood*, the State of Oregon collected the license fee. Although some of the ATV license funds are granted to the U.S. Forest Service, Or. Rev. Stat. § 105.672(1)(b) provides that any amount a landowner receives from a public body in return for granting the public permission to enter their land is *not* a charge. Accordingly, the funding that the U.S. Forest Service received from Oregon ATV licenses does not meet the definition of charge in Or. Rev. Stat. § 105.672(1), because the U.S. Forest Service received the funds from Oregon in return for granting the public permission to enter U.S. Forest Service land. The U.S. Forest Service did not request or expect these fees for opening Mt. Hood

National Forest to the public. Thus, this case is distinguishable from *Coleman*, where the fee was collected by the owner. Here, since the owner of the land did not make the charge, the exception to recreational immunity under Or. Rev. Stat. § 105.688(3) does not apply.

Because the ATV permit is not a charge, recreational immunity applies and I GRANT Defendant's motion.

### III.    Whether to Dismiss with Prejudice

Finally, Mr. White requests leave to amend his complaint under FRCP 15(a)(2) to better allege the facts showing that recreational immunity was waived. Because recreational immunity clearly applies, I find any amendment would be futile. Thus, I DISMISS this case with prejudice.

### CONCLUSION

For the reasons stated above, I GRANT Defendant's Motion to Dismiss [ECF 8] and DISMISS Plaintiff's First Amended Complaint [ECF 7] with prejudice.

IT IS SO ORDERED.

DATED this __1__ day of July, 2021.

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge

5 – OPINION AND ORDER